IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Melissa Kuhn | ) | Case No.: 4:22-cv-0144-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Inlet Creek Properties, Inc., Waverly Creek | ) | |
| Properties, Inc., RJS Enterprises, Inc., Raley | ) | |
| D. Smith, and Samantha Raley, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) of the District of South Carolina.[1]  (DE 35.)  Plaintiff Melissa Kuhn ("Plaintiff" or "Kuhn") brought this action against Defendants Inlet Creek Properties, Inc., Waverly Creek Properties, Inc., RJS Enterprises, Inc., Raley D. Smith, and Samantha Raley (collectively "Defendants"), alleging several state and federal causes of action regarding her employment with Defendants.  Specifically, Plaintiff alleges claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., discrimination, failure to provide a reasonable accommodation, and retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., violation of and retaliation in violation of the Fair Labor Standards Act of

---

[1]      The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1938 (FLSA), 29 U.S.C. § 201, et seq., violation of the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. § 41-10-10, et seq., wrongful discharge in violation of public policy, and battery. (DE 1.)

On May 2, 2022, Defendants filed a Motion to Dismiss Defendant Samantha Raley ("Raley") from this case. (DE 21.) On May 16, 2022, Kuhn filed a response Memorandum in Opposition to Defendants' Motion to Dismiss. (DE 23.) On May 23, 2022, Defendants filed a reply. (DE 25.)

On October 12, 2022, the magistrate judge issued the Report, recommending that Defendants' Motion to Dismiss be granted as to all causes of action asserted against Defendant Raley except the SCPWA claim, which the Report recommends denying. (DE 35.) For the reasons stated below, the Court adopts the Report and grants Defendants' Motion to Dismiss as to all causes of action against Defendant Raley except the SCPWA claim.

**BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. Plaintiff filed no objections to the Report, and Defendants object only to the Report recommending that the Motion to Dismiss be denied as to the SCPWA claim. (DE 36, p.4.) Therefore, the relevant allegations as to that claim are the following. At the beginning of the Complaint setting forth the Defendants named in the action, Kuhn alleges that "Defendant Samantha Raley is an individual who resides in Georgetown County, South Carolina and who, upon information and belief, is an employee and owner of the Defendants referred to collectively as 'Dick's Pawn Superstores.'" (DE 1, ¶ 7.) The section of the Complaint entitled "Factual Allegations" contains no reference to Defendant Raley. Then, under the fifth cause of action for violation of the SCPWA, Kuhn alleges that "Defendants Smith and Raley knew

2

and were responsible for the failure to pay wages under this Act and therefore constitute employers." (DE 1, ¶ 87.)  The only other specific mention of Defendant Raley in the Complaint is under Plaintiff's ninth cause of action for retaliation in violation of the FLSA, wherein Plaintiff alleges that "Defendants Smith and Railey [sic] were 'employers' within the meaning of the FLSA, 29 U.S.C. § 203, because they acted directly or indirectly in the interest of Defendant 'Dick's Pawn' in relation to Plaintiff." (DE 1, ¶ 112.)

## DISCUSSION

On October 26, 2022, Defendants filed an objection to the Report. (DE 36.)  However, to be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Defendants object only to the Report's recommendation that the Motion to Dismiss be denied with respect to the SCPWA claim. Specifically, Defendants contend, "[t]he sole allegation pertaining to this SCPWA claim is simply a recitation of the elements and is insufficient to survive a motion to dismiss" and "there are insufficient factual allegations to meet the required plausibility pleading standard set forth in *Twombly*." (DE 36, pp. 3-4.) The Court disagrees. At the pleadings stage, the Report correctly notes, Plaintiff "alleged that Defendants failed to pay all wages due to her at the time of her separation and that Defendant Raley knew of and was responsible for the failure to pay her wages. Therefore, she has sufficiently alleged a cause of action against Raley under the SCPWA." [2] (DE 35, pp. 7-8.) Therefore, the Court overrules Defendants' objection.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 35) and incorporates it by reference.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss Defendant Raley (DE 21) is granted as to all causes of action against Defendant Raley except the SCPWA claim.

---

[2] The SCPWA provides that "[w]hen an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days." S.C. Code Ann. § 41-10-50. The statute defines "employer" as "every person, firm, partnership, association, corporation, receiver, or other officer of a court of this State, the State or any political subdivision thereof, and any agent or officer of the above classes employing any person in this State." Id. at 10. The statute also allows an employee to seek damages for an employer's failure to comply with § 41-10-50. See S.C. Code Ann. § 41-10-80(C). South Carolina courts interpreting the SCPWA have determined the legislature intended to impose individual liability on agents or officers who knowingly permitted their company to violate the SCPWA. See Allen v. Pinnacle Healthcare Sys., LLC, 394 S.C. 268, 273, 715 S.E.2d 362, 365 (Ct. App. 2011) (citing Dumas v. InfoSafe Corp., 320 S.C. 188, 195, 463 S.E.2d 641, 645 (Ct. App. 1995)). Therefore, Kuhn has sufficiently alleged that Defendants, including Raley, failed to pay all wages due to her at the time of her separation and that Defendant Raley knew of and was responsible for the failure to pay her wages.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 4, 2022